# Third District Court of Appeal

## State of Florida

Opinion filed March 2, 2022.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D21-684
Lower Tribunal No. 18-17709

————————————

**Marie J. Lambert Damas,**
Appellant,

vs.

**Scott C. Rappleye,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Henderson Legal Services, P.A., and Cassandra Henderson (Tampa), for appellant.

Scott Rappleye, in proper person.

Before FERNANDEZ, C.J., and SCALES and HENDON, JJ.

HENDON, J.

On its own motion, the court withdraws its opinion of December 29, 2021, and substitutes the following opinion in its place.

Maria J. Lambert Damas ("Wife") appeals from an Amended Final Judgment of Dissolution of Marriage. We reverse and remand for a new trial.

The Wife, who was acting pro se, filed an Urgent Motion to Change Trial Date, which the trial court denied. Thereafter, the Wife filed an Urgent Motion for Reconsideration of Order to Change Trial Date, requesting that the trial court continue the non-jury trial. The Wife's request was based on the time between the date that the notice of hearing was served and the date of the scheduled non-jury trial—approximately twenty days. The Wife asserted that she was acting pro se, and needed more time to properly prepare for trial, including producing the documents required by the trial court and reviewing the extensive evidence submitted by opposing counsel. At the commencement of the non-jury trial, the trial court denied her motion for reconsideration, and the Wife once again asserted that she was unprepared to proceed. The trial court denied the Wife's motion for reconsideration.

Following the non-jury trial, the trial court entered a final judgment of dissolution of marriage, which was amended. The Wife's appeal of the Amended Final Judgment of Dissolution of Marriage followed.

The Wife contends that the trial court's denial of her request to continue the trial date requires reversal of the Amended Final Judgment of Dissolution Marriage. Under the circumstances of this case, we agree.

Rule 12.440(c), Florida Family Law Rules of Procedure, provides that "[t]rial shall be set within a reasonable time from the service of the notice of trial." Here, the Wife was proceeding pro se, whereas the Husband was represented by counsel. The case involved numerous contested issues, including (1) issues relating to the parties' four minor children, such as a parenting plan, parental responsibility, and ultimate decision-making authority on topics such as which school the children will attend; (2) issues relating to the equitable distribution of the parties' assets and liabilities; (3) issues relating to the Wife's request for alimony; and (4) and issues relating to child support, including whether to impute income to the Wife. Thus, based on the fact that the Wife was proceeding pro se and the numerous contested issues, we conclude that trial was not set "within a reasonable time from the service of the notice of trial." Therefore, we reverse the Amended Final Judgment of Dissolution of Marriage and remand with directions for the trial court to conduct a new trial.

Reversed and remanded for a new trial.